**STATE ex rel. DEAR & JOHNSON, Inc., v. BULLOCK, Clerk of Court.**

**No. 1636.**

Court of Appeal of Louisiana. First Circuit.

June 30, 1936.

Hawthorn, Stafford & Pitts, of Alexandria, for applicant.

Woosley & Cavanaugh, of Leesville, for respondent.

PER CURIAM.

The relator, Dear & Johnson, Inc., has applied to this court for a writ of mandamus to compel the clerk of court of the Eleventh judicial district in and for the parish of Vernon to file with this court a complete record, including a transcript of the testimony taken on the trial of the case of James v. itself, being suit No. 9405 of the Civil docket of that court.

This court, through one of the judges, granted an order for an alternative writ of mandamus making the same returnable on June 29, 1936, and the respondent herein, the clerk of said court, has duly filed an answer.

The original suit of Tom James v. Dear & Johnson, Inc., was one filed by the plaintiff under the benefit of Act No. 156 of 1912 as subsequently amended, known as the Pauper's Act, and which permits a litigant in Louisiana in impecunious circumstances to litigate without the payment of court and other costs incidental to the suit.

The testimony adduced at the trial of the case was taken down in shorthand by the court stenographer, but the notes were not transcribed before judgment was rendered in the district court. Judgment having gone against the defendant, it took and perfected an appeal to this court. The record, as already indicated, being without the note of testimony, the defendant, relator herein, applied for the relief, as we have already stated, in the form of a writ of mandamus to compel the clerk of court to have the testimony transcribed and filed in the record.

The respondent clerk of court filed, first, an exception to the jurisdiction of the court, then an exception of no cause or right of action, and finally an answer to the merits in which it is urged that the court reporter having been appointed by the district judges, and not by him, he is not responsible for her failure to have transcribed the note of evidence, and for not having filed the same in the record. It is contended, as appears from both the answer and the brief of respondent, that the young lady so appointed by the district judges is the official court reporter, and under the law is responsible for her actions as such, and therefore this proceeding for a writ should have been directed against her in her official capacity.

■ We find no merit in the exception to the jurisdiction of this court. The defendant in the original suit, relator herein, having perfected its appeal by filing the suspensive appeal bond as ordered by the district court, divested that court of all jurisdiction. The only matters which an inferior court can inquire into after the appeal bond has been filed in a case are those in connection with the transmission of the record, where no record at all has been filed in the appellate court, and those concerning the sufficiency of the appeal bond or the solvency of the sureties thereon. Neither of those questions are presented in the present application, the only issue involved being whether the clerk of court of Vernon parish can be made to have the note of testimony transcribed and filed in the record in the case. The exception to the jurisdiction is therefore overruled.

■ Inasmuch as we are of the opinion that the court reporter, having been appointed by the district judges, and having qualified under that appointment, has become the official stenographer and as such charged with the responsibility in the discharge of her duties, is a necessary party, the issue raised under the exception of no cause of action is one that should be presented by her if and when she becomes a party to this proceeding, and therefore may be considered premature at this moment.

Respondent has annexed to his answer a certified copy of the order of the district judges appointing Miss Marguerite Ford as court reporter for Vernon parish, as well as a copy of the oath of office taken by her. Under the provisions of Act No. 64 of 1900, the clerk of the district court is authorized, with the approval of the judge, to appoint a competent shorthand reporter, and by said act it is made the duty of the clerk of court to file within ten days a transcript of the testimony taken and transcribed by such shorthand reporter. The clerk is authorized to charge for the taking and transcribing of testimony taken by the shorthand reporter and is charged with responsibility under his bond for the proper discharge of the duty of the shorthand reporter so appointed by him.

The said act further provides, however, that in case the clerk of court refuses or neglects to appoint a court stenographer as provided for in the act, the judge or judges of the district court may, in their discretion, appoint for their respective districts a competent shorthand reporter, who shall be sworn and give bond in the sum of $1,000 for the faithful performance of the duties pertaining to that office, and in case the said reporter is appointed by the judge under section 5 of that act, he is authorized, under section 6, to collect in the manner provided by law for the payment of the costs of clerks, within ten days, after the filing of evidence, his fees, from the plaintiff in the suit.

Although it does not appear from the record in this proceeding that Miss Ford, the court stenographer, has filed the bond required under the act, yet, inasmuch as she has been duly appointed by order of the presiding judges, has taken the oath of office, and has been serving in that capacity, she will, for the purpose of this proceeding, be considered as a de facto officer. As the official court reporter under her said appointment by the district judges, the responsibility of transcribing the note of testimony and of filing the same in the record in the case is hers, and therefore the present action should have been directed against her as well as the clerk of court. She is a necessary party to this proceeding, and it is therefore impossible for us to grant any relief until she has been made one of the defendants in this application for mandamus.

■ It was reasonable for the relator to assume that Miss Ford had her appointment as court reporter from the clerk of court, in which event its application against that officer was properly presented. The information it received that she was serving by appointment under the district judges evidently came to them from the allegations of the answer filed by the clerk of court herein and the documents thereto annexed.

The relator has timely filed in this court a motion to extend the return day to enable it to have the complete transcript properly lodged here. We think it is entitled to have this extension granted, particularly in view of the fact that we have reached the conclusion that the court reporter should have been made a party to this proceeding.

For the reasons stated it is now ordered that the alternative writ of mandamus heretofore granted herein be held in abeyance, and that the return day of the appeal in the case of Tom James v. Dear & Johnson Inc., No. 9405 of the docket of the district court of Vernon parish, be and the same is hereby extended to October 31, 1936.

It is further ordered that the relator herein, Dear & Johnson, Inc., be granted thirty days within which, if it so desires, to make Miss Marguerite Ford, official court reporter of the Eleventh judicial district court sitting in and for the parish of Vernon, a party to this proceeding and have her ordered to respond hereto.