**STATE ex rel. DEAR & JOHNSON, Inc., v. BULLOCK et al.**

No. 1636.

Court of Appeal of Louisiana. First Circuit.

July 20, 1936.

Hawthorn, Stafford & Pitts, of Alexandria, for applicant.

PER CURIAM.

In this case, the court, on June 30, 1936, handed down a decree on the original application for a writ of mandamus, to the effect that Miss Marguerite Ford, the official court reporter of the Eleventh judicial district court in and for the parish of Vernon, was a necessary, if not the real party in interest in this proceeding. (La.App.) 169 So. 124.

On July 3, 1936, the relator, acting on that decree, filed a petition in this court in which it prayed that Miss Ford be made a party hereto and that a writ of mandamus issue against her as well as against T. J. Bullock, the clerk of said court. On the same day, this court, acting through one of the judges, issued a rule against Miss Ford, ordering her to respond hereto at 10 a. m. on July 20, 1936. As appears from the post office registry receipt filed herein, she received proper notice on July 7, 1936.

Miss Ford has failed to make an appearance in answer to the rule, and in the absence of any showing on her part, the same will be made absolute.

■ It is our opinion that it is the duty of the official court reporter to transcribe the notes of testimony taken by her in the trial of this case in the district court in Vernon parish and to file the same with the clerk of the said court to the end that he may complete the transcript so that the case may be heard on appeal.

■ In the event judgment should finally go against the defendant-appellant, Miss Ford, the official court reporter will be protected for her fees and costs under the

appeal bond filed herein. Should judgment be finally rendered against the plaintiff who is prosecuting his suit under the benefit of Act No. 156 of 1912 and its amendments, known as the Pauper Act, unfortunately as it may turn out to be for her she will have to submit to the consequences as that act specially provides that the litigant who avails himself of its provisions is entitled to the services of the official court reporter without the payment of costs.

For the reasons stated, it is ordered that the alternative writs of mandamus heretofore issued be, and the same are hereby made peremptory, and it is further ordered that Miss Marguerite Ford, official court reporter of the Eleventh judicial district court in and for Vernon parish, file with T. J. Bullock, clerk of the said court, on or before September 15, 1936, a complete transcript of the oral testimony taken on the trial of this case in the district court, and the said T. J. Bullock, clerk of the said court, is now ordered on the filing of the said testimony by the official court reporter with him to transmit the same to this court on or before October 5, 1936.